IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NOS. 1:10-CR-017-07**
:
**v.**     :
:
**ANGEL CRUZ**     :
  **a/k/a TUCO**     :

# **M E M O R A N D U M**

      Before the court is Defendant Angel Cruz's pro se[1] motion to withdraw his guilty plea and to remove Roger Laguna as his counsel (doc. 250). Cruz essentially claims that he entered his guilty plea under the assumption that his sentence would not exceed ten years. He has other dissatisfactions with counsel that do not affect the withdrawal of his plea.

      Cruz entered his guilty plea on September 20, 2010. At that proceeding, Cruz was advised by the assistant United States attorney and this court that the conspiracy count to which he was pleading carried a maximum penalty of life imprisonment with a mandatory minimum of ten years. (Transcript of Guilty Plea Proceeding at p. 5 (doc. 268).) At that proceeding, Cruz also admitted to the facts of the charge as set forth by the assistant United States attorney. (*Id.* at p. 12.)

      A hearing on the motion to withdraw the guilty plea was held on February 2, 2011. At the hearing, Cruz's basic complaint appears to be that he believed he would not receive a sentence above ten years. The presentence report

---

[1] Defendant is represented by retained counsel at this stage of the proceeding.

appears to attribute a higher amount of drugs to Cruz than he was willing to admit to which places him above the mandatory minimum of ten years.[2]

The factors that govern whether a defendant may withdraw a guilty plea are (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing his plea; and (3) if the defendant has met his burden with respect to one of the first two factors, whether the government would be prejudiced by the withdrawal. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *see also United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986) ("[T]he government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of the plea.").

Cruz does not assert his innocence. His basic claim as noted above is that he was told he would not receive a sentence of more than ten years. At his plea hearing, not only was he told twice what his maximum sentence could be, he was also asked whether anyone made any promise to him as to what his sentence would be. (Transcript of Guilty Plea Proceeding at p. 6 (doc. 268).) He replied in the negative. (*Id.* at p.7.) Cruz also agreed that he was part of a conspiracy to distribute drugs. (*Id.* at p. 11.) Thus, the element of innocence is lacking.

It is apparent that Cruz's major reason for wanting to withdraw his guilty plea is the amount of drugs attributed to him. At the hearing on February 2, 2011, he was advised by this court that he had a right to challenge the amount of drugs at a hearing before sentencing.

A defendant bears the burden of showing a fair and just reason for withdrawing a guilty plea. *Brown*, 250 F.3d at 815. Cruz has not met the burden of

---

[2]As of this date, this court has not received the presentence report from the probation office.

2

showing actual innocence.  Cruz has shown no other sufficient grounds for permitting the withdrawal of his plea.  The government does not, therefore, need to establish prejudice to them by a withdrawal of the plea.

        The court recognizes that there is an apparent breakdown between Cruz and his counsel and will permit substitution of other counsel to represent Cruz.  It is noted that current counsel was privately retained.  Defendant will be given 30 days from this date to acquire new counsel or, in the alternative, to file a financial affidavit in support of a request for the appointment of counsel.  An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  February 2, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NOS. 1:10-CR-017-07
:
**v.** :
:
**ANGEL CRUZ** :
  **a/k/a TUCO** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendant Angel Cruz's *pro se* motion to withdraw his guilty plea is **DENIED**.

2) Roger Laguna, Esquire, is deemed withdrawn as counsel for Defendant Angel Cruz.

3) No later than March 3, 2011, Defendant Cruz shall have new counsel enter an appearance on his behalf or, in the alternative, Cruz shall file a financial affidavit in support of court appointed counsel.

4) The Clerk of Court shall mail a copy of this memorandum and order to Defendant along with a financial affidavit in support of a request for appointment of counsel.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: February 2, 2011.